UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 18-57-DLB

JOSEPH MCDANIELS     PLAINTIFF

VS.     **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.,     DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Joseph McDaniels is a federal prisoner who was once confined at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky, was then transferred to the USP in Coleman, Florida, and is now incarcerated at the USP in Tucson, Arizona. Proceeding without a lawyer, McDaniels filed a complaint in which he raises two main issues. (Doc. # 1).

First, McDaniels alleges that officials at USP-McCreary provided him with inadequate medical care while he was confined at that facility in 2014 and 2015. McDaniels therefore brings a claim against USP-McCreary Health Services Administrator R. Jones pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and argues that Jones violated his constitutional rights. McDaniels also claims that, as a result of the alleged inadequate medical care at USP-McCreary, the United States is liable to him under the Federal Tort Claims Act (FTCA).

1

Second, McDaniels alleges that officials at USP-Coleman failed to protect him from another inmate who caused him harm in June of 2016. McDaniels specifically brings a claim against USP-Coleman Officer Bond pursuant to *Bivens*, and argues that Bond violated his constitutional rights. McDaniels also claims that, as a result of this alleged failure to protect him from harm, the United States is liable to him under the FTCA.

McDaniels filed his complaint in December 2017 with the United States District Court for the District of Columbia. That court then transferred McDaniels's case to this district. The action is now before this Court on initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

The Court will dismiss without prejudice McDaniels's *Bivens* claim against USP-Coleman Officer Bond and his second FTCA claim against the United States because those claims are improperly joined in this action. *See* Fed. R. Civ. P. 20(a)(2). Indeed, those claims are based on alleged events at USP-Coleman and are wholly unrelated to McDaniels's first two claims, which relate to allegedly inadequate medical care he received at USP-McCreary. McDaniels may still attempt to pursue his *Bivens* claim against Officer Bond and his second FTCA claim against the United States, but he must do so by filing a separate complaint in the proper venue, which is the United States District Court for the Middle District of Florida.

This only leaves McDaniels's *Bivens* claim against Health Services Administrator R. Jones and his first FTCA claim against the United States. Both of these claims relate to alleged inadequate medical care that McDaniels received while at USP-McCreary. The Court has conducted an initial review of these claims and concludes that they require a

response from the defendants.  Since the Court previously granted McDaniels *pauper* status, the Clerk's Office and the United States Marshals Service (USMS) will serve Health Services Administrator R. Jones and the United States with a summons and copy of the Complaint on McDaniels's behalf.  *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).  In responding to McDaniels's complaint, the defendants shall address whether McDaniels's claims are barred by the applicable statutes of limitation, as well as any other relevant issues.

Accordingly, it is **ORDERED** as follows:

(1)     McDaniels's *Bivens* claim against Officer Bond and second FTCA claim against the United States, both of which relate to alleged events at USP-Coleman, are **DISMISSED WITHOUT PREJUDICE**;

(2)     McDaniels's only remaining claims are his *Bivens* claim against Health Services Administrator R. Jones and first FTCA claim against the United States, both of which relate to alleged events at USP-McCreary;

(3)     The Deputy Clerk **shall prepare** three (3) "Service Packets" for service upon Health Services Administrator R. Jones and the United States of America.  Those Service Packets shall include:

    (a)     a completed summons form;

    (b)     the Complaint (Doc. #1);

    (c)     this Order; and

    (d)     a completed USM Form 285;

(4)     The Deputy Clerk **shall send** the Service Packets to the USMS in Lexington, Kentucky, and note the date of delivery in the docket;

(5)     The USMS **shall** personally **serve** Health Services Administrator R. Jones at the United States Penitentiary – McCreary in Pine Knot, Kentucky through arrangement with the Federal Bureau of Prisons;

(6)     The USMS **shall serve** the United States of America by sending Service Packets by certified or registered mail to both the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky and the Office of the Attorney General of the United States in Washington, D.C.; and

(7)     McDaniels must immediately advise the Clerk's Office of any change in his current mailing address.  If McDaniels fails to do so, the Court will dismiss his case; and If McDaniels wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office.  Every motion McDaniels files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing.  The Court will disregard letters sent to the Judge's chambers or motions lacking a certificate of service.

This 13th day of March, 2018.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\ProSe\McDaniels 18-057-DLB Memorandum CDS.docx