**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 18-57-DLB**

**JOSEPH MCDANIELS**                                                                    **PLAINTIFF**

**VS.**                          **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA, et al.,**                                   **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

Joseph McDaniels is a federal prisoner who was once confined at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky, was then transferred to the USP in Coleman, Florida, and is now incarcerated at the USP in Tucson, Arizona. Proceeding without a lawyer, McDaniels filed a civil rights complaint. (Doc. # 1). The Court conducted an initial review of that complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and ultimately dismissed some of McDaniels's claims without prejudice. McDaniels's case then proceeded with respect to his federal constitutional claim against USP-McCreary Health Services Administrator R. Jones and his first FTCA claim against the United States. (Doc. # 13).

The defendants then filed a motion to dismiss McDaniels's case or, in the alternative, a motion for summary judgment. (Doc. # 20). The defendants argue, among other things, that McDaniels's claims are barred by the applicable statutes of limitation. (Doc. #20-1 at 10-16, 23-26). The Court has fully reviewed the defendants' motion and concludes that their arguments regarding the statutes of limitation are well taken.

McDaniels's federal constitutional claim against defendant Jones, which he brings pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), is barred by the statute of limitations. In *Bivens* actions, federal courts "apply the most analogous statute of limitations from the state where the events giving rise to the claims occurred." *Baker v. Mukasey*, 287 F. App'x 422, 424 (6th Cir. 2008). McDaniels's claims arose in Kentucky and, therefore, Kentucky's one-year statute of limitations for asserting personal-injury claims applies to his federal constitutional claim. *See id.*; *see also* Ky. Rev. Stat. Ann. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Govt.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Under the most generous construction of the facts, McDaniels fully exhausted his administrative remedies with respect to his claim no later than May 2016, but did not file his complaint in federal court until well over one year later, in December 2017. (Doc. # 20-1 at 15-16). Thus, McDaniels's federal constitutional claim against defendant Jones is untimely.

McDaniels's FTCA claim against the United States is also time-barred. As the defendants establish in their motion, the Bureau of Prisons (BOP) denied McDaniels's administrative tort claim in writing via a letter dated March 24, 2017. (Doc. # 20-1 at 25). Under the law, McDaniels had no later than six months from that date to file his lawsuit in federal court. *See* 28 U.S.C. § 2401(b); *Ellison v. United States*, 531 F.3d 359, 361-62 (6th Cir. 2008). However, McDaniels filed this lawsuit on December 11, 2017, over eight months after the BOP made it clear that it had denied his claim. Thus, McDaniels's FTCA claim against the United States is time-barred. *See Ellison*, 531 F.3d at 361 (holding that because the plaintiff filed her lawsuit almost seven months after the date the notice of

final denial was mailed, her claim was time barred); *Thompson v. United States*, 8 F. App'x 547, 548 (6th Cir. 2001) (holding that the FTCA barred a lawsuit filed more than six months after the agency rejected the claim).

McDaniels does not dispute these facts. Instead, McDaniels responds to the defendants' dispositive motion by filing an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and asking for time to take discovery. (Docs. # 22, 22-1). This rule provides that, once a party moves for summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d) (emphasis added).

Here, as the defendants correctly point out it in their reply brief, McDaniels "offers no specifics as to what facts he cannot present or why the requested discovery would help him to find those specific relevant facts." (Doc. # 23 at 2-3). McDaniels does mention the affirmative defense of equitable tolling in his affidavit. (Doc. # 22-1 at 2). But McDaniels has not demonstrated his need for discovery or, more importantly, identified what *specific* material facts he hopes to uncover through the discovery process, as required under the law. *See Bassett v. Nat'l Collegiate Athletic Ass'n.*, 428 F. Supp.2d 675, 680 (E.D. Ky. 2006) (citing and discussing *Cacevic v. City of Hazel Park*, 226 F.3d 483 (6th Cir. 2000)); *see also Harris v. Brennan*, No. 14-cv-751, 2015 WL 7302724, *4 (N.D. Okla. 2015). Rather, it is clear from McDaniels's submission that his discovery requests are a simply an attempt to search for documents or other evidence that could possibly support an equitable tolling argument. That is not a valid use of Rule 56(d).

Put simply, McDaniels's federal constitutional claim against defendant Jones and FTCA claim against the United States are time-barred. Accordingly,

**IT IS ORDERED** as follows:

(1)     Defendants' motion to dismiss (Doc. # 20) is **GRANTED**;

(2)     McDaniels's federal constitutional claim against defendant Jones and FTCA claim against the United States are both **DISMISSED** with prejudice;

(3)     This action is **STRICKEN** from the Court's docket; and

(4)     A corresponding Judgment will be entered this date.

This 5th day of August, 2018.

Signed By:
*David L. Bunning*     *DB*
United States District Judge

K:\DATA\ORDERS\ProSe\McDaniels 18-057-DLB Memorandum granting MTD MSJ.docx